NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ALAN TARRAB,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2024-2092

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-16-0401-W-1.

_____

Decided:  April 21, 2025

_____

ALAN TARRAB, Reston, VA, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before LOURIE, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Alan Tarrab, appearing pro se, appeals the Merit Systems Protection Board's final order dismissing his whistleblower Individual Right of Action appeal for lack of jurisdiction. Because the Board correctly concluded that Mr. Tarrab failed to nonfrivolously allege that he made any protected disclosures for which he had exhausted administrative remedies before the Office of Special Counsel, we affirm.

I

Mr. Tarrab began working as a General Engineer at the Department of Transportation's Federal Railroad Administration in February 2015. S.A. 2 n.2. In March 2015, Mr. Tarrab performed an audit of the Association of American Railroads' (AAR) "process for reviewing tank car equipment (e.g.[,] valves)" at the AAR's Washington, DC office. S.A. 21; *see also* S.A. 45, 67. Mr. Tarrab alleges that during his audit of the AAR, he encountered the Supreme Court's opinion in *Department of Transportation v. Association of American Railroads*, 575 U.S. 43 (2015). S.A. 67, 23. After conducting "additional research, including reading some of the cited cases, the D.C. Circuit Court decision, and relevant constitutional provisions," S.A. 67, Mr. Tarrab wrote a paper entitled "Comments on American Association of Railroads (AAR) Audit" in which he stated his legal research "calls into question the legality and advisability of having AAR continue in its current role" processing applications for approval of tank car tanks. S.A. 74. In his paper, Mr. Tarrab took issue with the agency's Hazardous Materials Regulations, which provide, in relevant part, that the AAR's Tank Car Committee may approve "[a]pplication[s] for approval of designs, materials and construction, conversion or alteration of tank car tanks." 49 C.F.R. § 179.3.

Mr. Tarrab sent this paper to his supervisor on May 22, 2015. He also alleges verbally alerting his supervisor of his "concerns regarding the processing of One-Time Movement

Approvals," specifically that "the work [a contractor] was doing was an inherently governmental function that could only be performed by government employees." S.A. 45–46 (citing 48 C.F.R. § 7.503(c)(15)).

On June 29, 2015, Mr. Tarrab received his first annual performance evaluation. In the evaluation, his supervisor noted, among other things, that "Mr. Tarrab must be more receptive to and learn the existing policies and procedures of the Division. Thus far he has been quick to critique and criticize." S.A. 46. Mr. Tarrab alleges that he had been eligible for a career ladder promotion to a higher wage grade in July 2015, but his supervisor informed him "that he would not be submitting [his] name for promotion, giving no explanation other than saying that [he] wasn't ready." S.A. 46.

In July 2015, Mr. Tarrab filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) alleging the agency had denied him a career ladder promotion in reprisal for his making protected disclosures in the form of his paper and oral critique of work being performed by a contractor. OSC summarized Mr. Tarrab's allegations in his complaint as identifying five alleged protected "disclosures that the agency was (1) delegating Government authority to private entities, (2) assigning inherently Governmental functions to contractors, (3) violating the Paperwork Reduction Act, (4) violating the Federal Advisory Committee Act, and (5) failing to obtain special permits." S.A. 3. OSC terminated its investigation into Mr. Tarrab's complaint in January 2016 and notified him of his applicable rights to appeal to the Merit Systems Protection Board.

Mr. Tarrab then filed an Individual Right of Action appeal to the Board. The Board's administrative judge issued an Order on Jurisdiction and Proof Requirements, advising the parties that "[t]here [was] a question whether this appeal is within the Board's jurisdiction," S.A. 55, and

ordering Mr. Tarrab "to file a statement, accompanied by evidence, listing . . . [his] protected disclosure(s) or activity(ies) [sic]" and further details about these disclosures and activities, S.A. 60–61. Mr. Tarrab timely filed the requested jurisdictional submission.

The administrative judge dismissed Mr. Tarrab's appeal for lack of jurisdiction, finding that Mr. Tarrab had failed to nonfrivolously allege that he had made protected disclosures of "a violation of a law, rule, or regulation." S.A. 26. The administrative judge determined Mr. Tarrab's May 22, 2015 document was an unprotected position paper on agency policy rather than a protected whistleblowing disclosure because "[Mr. Tarrab's] advocacy of the role AAR should play under DOT's direction is eminently debatable and, apparently, the subject of significant litigation." S.A. 24. The administrative judge concluded that Mr. Tarrab's allegations of disclosures (3) and (4)—"that AAR was violating the Paperwork Reduction Act and the Advisory Committee Act"—were "pendant claims" that simply provided additional reasons for his general disagreement with the agency's policy, and accordingly were not protected disclosures for the same reason as disclosure (1). S.A. 24.[1]

The administrative judge then addressed Mr. Tarrab's "second claim . . . related to activities of a contractor employee[] assigned the task of issuing One-Time Movement Approvals (OTMAs)," which cited to 48 C.F.R. § 7.503. S.A. 24. The administrative judge determined that this regulation granted agencies with "expansive discretion . . . to allocate their own work" and to "determine which activities

---

[1] Though the administrative judge did not explicitly mention disclosure (5), the Board later found "disclosure (5) [wa]s similarly incorporated as a pendant claim and 'problem[] with the process'" in his analysis. S.A. 9 n.8 (second alteration in original).

are inherently governmental." S.A. 25 (emphasis omitted). The administrative judge also determined that the regulation specified the approval of a license to be an inherently governmental function, and that "[t]he granting of a license is distinguished from a *permit*, typically a single event or temporary, limited grant of permission." S.A. 24 (emphasis in original). Based on this regulatory background, the administrative judge concluded that the agency had, in "an exercise of its discretionary authority," implicitly "determined that the task of issuing temporary one-time permits" like OMTAs "was not an inherently governmental function" and thus could be performed by a contractor. S.A. 25 (emphasis omitted).

The administrative judge accordingly concluded that Mr. Tarrab's "expressions of 'concern' embody [his] policy disagreement with the agency's delegations and relationships with quasi-governmental bodies" and dismissed his appeal for lack of jurisdiction. S.A. 25–26.

Mr. Tarrab timely filed an administrative petition for review by the full Board. The Board issued a final order affirming the administrative judge's Initial Decision except as expressly modified to acknowledge additional alleged disclosures raised in his jurisdictional response. The Board found that Mr. Tarrab had administratively exhausted his claims as to five alleged disclosures identified by OSC, but that he had failed to nonfrivolously allege that any of these disclosures were protected disclosures under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)(A).

The Board also noted that Mr. Tarrab had identified two additional alleged disclosures in his jurisdictional response: disclosures about "alleged abuses of authority regarding a traffic citation" and "whistleblower retaliation." S.A. 4. Because the Board found no indication that Mr. Tarrab had raised those two alleged disclosures before OSC, it modified the Initial Decision to rule that he had failed to prove he exhausted his administrative remedies for those

two disclosures. The Board also concluded that, to the extent Mr. Tarrab alleged the agency retaliated against him by coercing his resignation, he had also failed to exhaust that claim before OSC.

In October 2015, during the pendency of his appeal before the Board, Mr. Tarrab left his role at the Department of Transportation for a new position with the Environmental Protection Agency. S.A. 2 n.2. Mr. Tarrab timely appealed the Board's final decision to this Court. We have jurisdiction to review a final decision of the Board under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

II

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020).

"Whether the Board has jurisdiction over a particular matter is a question of law that this court reviews de novo." *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1353 (Fed. Cir. 2016). "[T]he Board has jurisdiction over an [Individual Right of Action (IRA)] appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)" against him. *Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Although pro se litigants are held to a less stringent pleading standard, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they are not entirely exempt from satisfying pleading requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)

("The fact that [Mr. Henke] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

## III

"To establish jurisdiction at the Board, an appellant must show he exhausted his remedies before OSC." *Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1353 (Fed. Cir. 2022). Administrative exhaustion must be proven by a preponderance of the evidence. 5 C.F.R. § 1201.57(c)(1).

Mr. Tarrab alleged that his supervisor ignored the misconduct of a coworker who "abused his authority by using his government credential to avoid a traffic citation for speeding," and that his supervisor "committed a prohibited personnel practice by retaliating against [him] for [his] disclosures." S.A. 67. These allegations were not included in his OSC complaint narrative. The only evidence Mr. Tarrab provided to the administrative judge that included these allegations was a letter he sent requesting reconsideration of his performance evaluation. Mr. Tarrab made no showing that he had made those allegations to OSC, which is required to establish administrative exhaustion by a preponderance of the evidence. The Board correctly concluded that Mr. Tarrab failed to allege administrative exhaustion regarding two of his alleged disclosures and that it thus lacked jurisdiction over any claim regarding these disclosures.

## IV

"A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. An allegation generally will be considered nonfrivolous when . . . an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s). Under the WPA, a protected disclosure includes "any disclosure of information by an employee . . . which the employee

reasonably believes evidences" a "violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8)(A)(i). The statutory definition of "disclosure" excludes "a communication concerning policy decisions that lawfully exercise discretionary authority," 5 U.S.C. § 2302(a)(2)(D), consistent with the principle that the WPA "is not a weapon in arguments over policy." *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

The Board correctly concluded that Mr. Tarrab had failed to nonfrivolously allege that any of his five administratively exhausted disclosures were protected disclosures under the WPA. The circumstances overwhelmingly indicate that Mr. Tarrab failed to nonfrivolously allege a protected disclosure with regard to the remarks made in his paper.

The test for whether a belief is "reasonable" is an objective one: whether "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence" the alleged violation of law. *Lachance*, 174 F.3d at 1381. The Board may consider the appellant's involvement with, and understanding of, the subject matter at issue to determine whether he nonfrivolously alleged a violation of law, rule, or regulation. *See, e.g., Hessami v. Merit. Sys. Prot. Bd.*, 979 F.3d 1362, 1369 (Fed. Cir. 2020) (holding experienced physician made nonfrivolous allegation of reasonable belief where she alleged "that she was knowledgeable about the local and national [Hepatitis C Virus] treatment guidelines"). Mr. Tarrab, an engineer with no apparent background in the law, failed to allege facts sufficient for a disinterested observer to reasonably conclude that the agency had committed any legal violation. At the time he produced his report and raised his concerns to his supervisor, Mr. Tarrab was a very recent employee of the agency—he "became aware" of the alleged legal issue just weeks into his employment at the agency. S.A. 67. He never alleged having the requisite knowledge

and experience to evaluate a question of constitutional and administrative law. Indeed, his position paper, which is most accurately characterized as questioning agency policy, itself expressed uncertainty about whether the agency had violated any law. We briefly address each of the specific disclosures made in his paper in turn.

In disclosure (1), Mr. Tarrab stated "the agency was . . . delegating Government authority to private entities" under 49 C.F.R. § 179.3. S.A. 3. The disclosure was phrased in qualified or conditional language, noting the agency's process is "likely unconstitutional in light of recent court decisions" and proposing that "insourcing . . . the delegated function . . . may be the only way to stay within the law." S.A. 75. Mr. Tarrab never stated that he believed § 179.3 to be invalid, and his statements amount to expressions of uncertainty and policy inquiries that cannot be reasonably believed to have alleged violations of law.

In disclosure (2), Mr. Tarrab alleged the agency was "assigning inherently [g]overnmental functions to contractors." S.A. 3. The Board concluded it was unclear whether Mr. Tarrab's unexplained citations to an unrelated statute and an agency bulletin supported this allegation. The Board further found that the record "does not suggest that a disinterested observer in his position could reasonably believe that he had disclosed the type of wrongdoing described in section 2302(b)(8)" of the Whistleblower Protection Act. S.A. 11. We agree. Unexplained citations are insufficient to meet the requirement that a nonfrivolous allegation be more than conclusory.

In disclosures (3), (4), and (5), Mr. Tarrab alleged the agency "(3) violat[ed] the Paperwork Reduction Act, (4) violat[ed] the Federal Advisory Committee Act, and (5) fail[ed] to obtain special permits." S.A. 3. The Board correctly rejected Mr. Tarrab's "post hoc characterization of [these] disclosures" and concluded these disclosures merely raised "general concerns . . . that were at least tangentially

related to various laws and that he believed might warrant a change in policy," rather than disclosures he reasonably believed to evidence a violation of law. S.A. 10. Read in the context of his position paper, these disclosures are plainly incomplete statements of law offered in support of Mr. Tarrab's contention that the "process . . . is both poor by design and poor in execution, and likely unconstitutional," without any reasoned analysis that can rise to a nonconclusory allegation of a violation of law. S.A. 75.

## V

We have considered the remainder of Mr. Tarrab's arguments and find them unpersuasive. Because we agree that Mr. Tarrab failed to nonfrivolously allege making any protected disclosure under the WPA, we affirm the Board's final decision dismissing his administrative IRA appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.